{¶ 24} I concur with the majority on the estate's second assignment of error.[1] I also concur with the majority in its disposition of the estate's first assignment of error according to the recent decision inGalatis, ante. I must, however, respectfully disagree with the majority on its subsequent discussion of Ferrando v. Auto-Owners Mut. Ins. Co.,98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927 and its disposition of the estate's first assignment of error under this case.
 {¶ 25} Since December 2002, when the Ohio Supreme Court decidedFerrando, this court has repeatedly held that questions related to an insured's breach of notice/subrogation provisions of an insurance policy cannot be resolved on a motion for summary judgment. See Alaimo v.Horsburgh Scott Co., Cuyahoga App. No 82370, 2003-Ohio-3808; Prattv. Safe Auto Ins. Co., Cuyahoga App. No. 81741, 2003-Ohio-3350; Ungur v.Buckeye Union Ins. Co., Cuyahoga App. No. 81208, 2003-Ohio-2044; Karafav. Toni, Cuyahoga App. No. 80664, 2003-Ohio-155.
 {¶ 26} In Ferrando, the Ohio Supreme Court held "if the trial court determines that notice was not reasonably given, then a breach of the policy did occur, and the next step is for the trial court to determine whether the insurer was prejudiced by that breach." The Court further held, the insured party bears the burden of presenting evidence to rebut a presumption of prejudice." Id., at ¶ 101.
 {¶ 27} Under Ferrando,[2] there are two different evidentiary questions that must be resolved before an insured can be denied coverage for breach of an insurance policy's prompt notice provision.
 {¶ 28} [I]f the trial court determines that notice was not reasonably given, then a breach of the policy did occur, and the next step is for the trial court to determine whether the insurer was prejudiced by that breach. In its initial determination, it is not clear which party the trial court assigned the burden of demonstrating prejudice. Pursuant to our decision today, the insured party bears the burden of presenting evidence to rebut a presumption of prejudice.
 {¶ 29} In the case at bar, contrary to the two-step inquiry required by Ferrando, the majority, in a single step, decided that the six-years the estate waited to notify defendants is, as a matter of law, an unreasonable delay and that it caused defendant to suffer prejudice. By looking exclusively at the six-year time lapse, the majority, like the trial court, prematurely determined that defendants have been prejudiced. Under Ferrando, this conclusion can be reached only after the first stage of the required analysis has been completed. CitingFerrando, this court in Pratt stated as follows:
* * * [Q]uestions relating to breach, prejudice and whether plaintiffs met their burden of proof require the presentation and review of evidence not considered by the trial court before it granted defendant's summary judgment motion. * * * Genuine issues of material fact remain on the question of notice and whether plaintiffs could have notified defendant sooner than they did.
 {¶ 30} Id., at ¶ 18 citing Ferrando. Jumping to the second stage, the majority in the case at bar states "[t]he estate offered no evidence whatsoever on this issue, even though the issue had been joined before the court both during briefing and oral argument on the motion for summary judgment." This conclusion, however, completely disregards the procedure outlined in Ferrando.
 {¶ 31} Ferrando changed the burden of proof on the issue of an insurer's prejudice. Before Ferrando, the insured did not have to present evidence of prejudice; it was simply presumed if the date of notice was deemed unreasonable. After Ferrando, once the date of notice is deemed unreasonable, the insured must be given an opportunity to present evidence demonstrating that the insurer did not suffer prejudice by the delay.
 {¶ 32} In responding to a motion for summary judgment, a non-moving party need not address matters raised that are not key to the issue of law as defined at the time. Ferrando changed the law affecting the case at bar. The majority ignores the briefs filed below, which show that the estate was not advised it had the burden of proving defendants were not prejudiced. Nor was the estate afforded an opportunity to present such evidence once Ferrando was issued. Thus it is premature to decide either the issue of prejudice or the question of whether the estate should have discovered the possible UIM coverage sooner than it did. See Ferrando,
2002-Ohio-7217 at ¶ 98. Were it not for Galatis, I would sustain the estate's first assignment of error. Galatis, however, reduces the majority's discussion of Ferrando to dicta.
 {¶ 33} I therefore concur in judgment only regarding the first assignment of error.
[1] Assignment of error No. II: The trial court erred in denying appellant's motion for leave to amend complaint.
[2] In the case at bar, when the trial court granted defendant's motions for summary judgment in November 2002, the court did not have the benefit of Ferrando, which was decided in December 2002.